No. 54,025

STATE OF KANSAS, *Appellant,* v. CHARLES K. WOOD, *Appellee.*

(647 P.2d 1327)

Opinion filed July 16, 1982.

*Kenneth R. Smith,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Gene Olander,* district attorney, were with him on the brief for the appellant.

*John C. Humpage,* of Humpage, Berger & Hoffman, of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: A complaint was filed under the Habitual Traffic Violators Act, K.S.A. 8-284 *et seq.,* to have Charles K. Wood declared an habitual traffic offender. The complaint alleged the following convictions within the immediately preceding five years:

"In the Municipal Court of the City of Topeka, Shawnee County, Kansas of the offense of driving while suspended on the 8th day of March, 1979;

"In the District Court of Jefferson County, Kansas, of the offense of driving while suspended on the 24th day of November, 1977;

"In the Municipal Court of the City of Topeka, Shawnee County, Kansas of the offense of leaving the scene of an accident on the 19th day of November, 1980."

The two convictions in the municipal court were for violations of city ordinances of the City of Topeka. The trial court checked the statute and entered judgment in favor of the defendant, holding the two convictions for violating city ordinances were not intended to be included under K.S.A. 1981 Supp. 8-285(a) as qualifying traffic offenses. The appeal presents a question on the construction of K.S.A. 1981 Supp. 8-285 — specifically what traffic offenses are included as qualifying a person as an habitual traffic violator?

K.S.A. 1981 Supp. 8-285 reads:

"As used in this act, the words and phrases defined in K.S.A. 8-234 shall have the meanings ascribed to them therein, and the term 'habitual violator' shall mean any resident or nonresident person who, within the immediately preceding five (5) years, has been convicted in this or any other state:

"(a) Three (3) or more times of:

"(1) Vehicular homicide, as defined by K.S.A. 21-3405 or as prohibited by any law of another state which is in substantial conformity with said statute;

"(2) Driving while under the influence of intoxicating liquor or drugs, as prohibited by K.S.A. 1977 Supp. 8-1567, *or as prohibited by an ordinance of any city in this state* or by any law of another state, which ordinance or law declares to be unlawful the acts prohibited by said statute;

"(3) Driving while the privilege to operate a motor vehicle on the public highways of this state has been canceled, suspended or revoked, as prohibited by K.S.A. 1981 Supp. 8-262 or as prohibited by any law of another state which is in substantial conformity with said statute;

"(4) Perjury resulting from a violation of K.S.A. 8-261a or resulting from the violation of a law of another state which is in substantial conformity with said statute;

"(5) Violating the provisions of the fifth clause of K.S.A. 1977 Supp. 8-142, relating to fraudulent applications, or violating the provisions of a law of another state which is in substantial conformity with said statute;

"(6) Any crime punishable as a felony wherein a motor vehicle was used in the perpetration of such crime;

"(7) Failing to stop at the scene of an accident and perform the duties required by K.S.A. 8-1602 to 8-1604, inclusive, or required by a law of another state which is in substantial conformity with said statutes;

"(8) Violating the provisions of K.S.A. 40-3104, relating to motor vehicle liability insurance coverage after the effective date of this act; or

"(b) Three (3) or more times, either singularly or in combination, of any of the offenses enumerated in subsection (a) of this section." Emphasis supplied.

We note that eight separate criminal violations, each having to do with the use of a vehicle, are identified. One of the eight has to do with making a false affidavit in connection with the licensing of drivers. Of the remaining seven, five refer to violations prohibited by the laws of Kansas and other states. Only 8-285(*a*)(2), which refers to driving while under the influence of intoxicating liquor or drugs, includes convictions for similar violations prohibited by city ordinance.

The fundamental rule for construction of statutes, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute even though words, phrases or clauses might be omitted from the statute. *Ballweg v. Farmers Ins. Co.,* 228 Kan. 506, Syl. ¶ 1, 618 P.2d 1171 (1980).

Even if the legislature did not contemplate the occurrence which confronts a court in construing a statute, that court may not supply omissions in a statute. This is true regardless of whether the omission resulted from inadvertence or because the case in question was never contemplated. *Ballweg v. Farmers Ins. Co.,* 228 Kan. 506, Syl. ¶ 2.

One of the more common rules of statutory interpretation is that the mention or inclusion of one thing implies the exclusion of others. *In re Olander,* 213 Kan. 282, Syl. ¶ 1, 515 P.2d 1211 (1973).

In our present case eight separate violations of the laws relating to the use and operation of motor vehicles are specified. Looking at seven of the eight prohibited acts: (1) specifies K.S.A. 21-3405 "or as prohibited by any law of another state"; (3) specifies K.S.A. 1981 Supp. 8-262 "or as prohibited by any law of another state"; (4) specifies perjury resulting from a violation of K.S.A. 8-261a "or resulting from the violation of a law of another state"; (5) specifies K.S.A. 1977 Supp. 8-142 "or violating . . . a law of another state"; (6) specifies any crime punishable as a felony wherein a motor vehicle was used in committing a crime; (7) specifies K.S.A. 8-1602 to 8-1604, leaving the scene of an accident "or [as] required by a law of another state"; and (8) specifies K.S.A. 40-3104 relating to required motor vehicle liability insurance.

Of the eight prohibited acts, it is only the driving while under the influence of intoxicating liquor or drugs, which includes

conviction for violation of "an ordinance of any city in this state" as a qualifying offense.

In looking for the purpose and intent of the legislature, this special treatment of a violation for driving while under the influence cannot be overlooked. We can only speculate why the legislature singled out this particular violation for inclusion of city ordinances while omitting it from the others. It is true that intoxicating liquor and drug use appears to be more prevalent in cities. It is also true the problems attending abuse of these drugs may be more apparent in cities but regardless of what possible reasons, the legislature has spoken. As to the convictions of the defendant in this case, driving on a suspended license and of leaving the scene of an accident are violations of city ordinances and are not included under the statute as qualifying offenses. This court may not supply omissions in a statute. There is little to indicate an omission in this case. The legislature saw fit to include violations of the Kansas statutes and of similar statutes of other states. It failed to include violations of city ordinances except in one of the eight prohibited acts. Under our rules of statutory construction the inclusion of city ordinances solely in 8-285($a$)(2) implies an intentional exclusion of city ordinances from the other parts of the statute.

The parties vigorously argue the question of strict construction versus liberal construction. There are cases which seem to support either position. The loss of the privilege to operate a motor vehicle when one is found to be an habitual violator is a major sanction. The revocation of the license remains in effect for a minimum of three years. K.S.A. 8-288($b$). At the expiration of the three years the habitual violator may apply to the court for reinstatement and "for good cause shown" the court "in its discretion" may restore the privilege.

In the present case it makes little difference whether a strict or liberal construction of the statute is applied. Under the Habitual Traffic Violators Act as it appears in K.S.A. 1981 Supp. 8-285, any person who within the immediately preceding five years has been convicted three or more times of one or more of the eight traffic-related crimes therein listed, shall be guilty of being "an habitual violator" after a hearing as prescribed in K.S.A. 8-286. Only one of the eight traffic related offenses relates to city ordinances. All others cover offenses for violating state laws. We would not be

justified in rewriting the statute by inserting violations of city ordinances. To consider an obvious omission in one of the eight separate violations would be one thing but here the so-called omissions would have to be written into at least five of the eight violations to make the statute consistent. The other three qualifying traffic-related crimes are limited by their nature to state statutes.

It has been called to our attention that the provisions of K.S.A. 1981 Supp. 8-285 were amended by the 1982 legislature; that as amended by L. 1982, ch. 144, § 2 violations of city ordinances are now included in what will be 8-285(*a*)(1), (2), (3), (7), and (8). These include both driving without a license and leaving the scene of an accident. This law did not become effective until July 1, 1982. It affects the imposition of a penalty assessed for criminal violations and is therefore to be categorized as a change in substantive law. See *State v. Hutchison,* 228 Kan. 279, 287, 615 P.2d 138 (1980), and *State v. Augustine,* 197 Kan. 207, Syl. ¶ 1, 416 P.2d 281 (1966).

Under the rules set forth in *State v. Hutchison,* 228 Kan. 279, Syl. ¶¶ 6, 7, and 8, this change has only prospective application. It cannot affect our present holding.

Under the Habitual Traffic Violators Act as it appears in K.S.A. 1981 Supp. 8-285, convictions under city ordinance of the offense of driving while suspended and of the offense of leaving the scene of an accident cannot be counted toward the three convictions necessary to make the person an habitual violator.

Appeal denied.