(694 P.2d 912)
No. 56,965

STATE OF KANSAS, *Appellee*, v. LARRY D. EVANS, *Appellant*.

Opinion filed February 7, 1985.

*Dale V. Slape*, of Wichita, for the appellant.

*Geary Gorup* and *James D. Hall*, assistant district attorneys, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, P.J., REES and MEYER, JJ.

BRISCOE, J.: Larry D. Evans, the defendant, appeals his third conviction of driving with a suspended license, K.S.A. 1983 Supp. 8-262.

The case was submitted to this court on an agreed statement of facts. A summary of the pertinent facts is as follows:

The defendant was convicted of driving with a suspended license in the Coffeyville Municipal Court in February, 1978. He was convicted a second time in September, 1981, in the District Court of Kingman County.

The Division of Vehicles suspended the defendant's license from June 15, 1983, until October 27, 1983. The Division sent notice of the suspension by regular mail to the defendant's last known mailing address on June 15.

The defendant was arrested for driving with a suspended license on October 20, 1983. At trial, he argued he had not received the notice of suspension, and therefore lacked any criminal intent. The trial court ruled that K.S.A. 1983 Supp. 8-262 did not require proof of intent, found the defendant guilty of a class E felony, sentenced him to one-to-five years in prison, and imposed a fine of $100 and costs.

The defendant contends the sentencing court ·may not consider (1) prior convictions which are more than five years old, or (2) prior convictions under a city ordinance, in determining

whether he is a first, second or third time offender under K.S.A. 1983 Supp. 8-262.

K.S.A. 1983 Supp. 8-262(a) provides in pertinent part:

"Any person who drives a motor vehicle on any highway of this state at a time when such person's privilege so to do is canceled, suspended or revoked shall be guilty of a class B misdemeanor on the first conviction, a class A misdemeanor on the second conviction and for third and subsequent convictions shall be guilty of a class E felony."

The sentencing court did not err in considering convictions which were more than five years old. The statute does not limit the use of prior convictions to those *less* than five years old. When the legislature intends such a limitation, the limitation is included in the statute. See K.S.A. 8-285 and 1983 Supp. 8-1567(i).

Defendant's contention that prior convictions under a city ordinance cannot be used for sentence enhancement is more problematical. K.S.A. 1983 Supp. 8-262(a) neither expressly prohibits, nor expressly authorizes the consideration of city ordinance convictions to enhance a sentence for multiple convictions of driving without a license. The statute refers generally to multiple "convictions" of driving without a license.

It is a general rule of statutory construction that the courts should determine the intent of the legislature from a general consideration of the entire statute. *State v. Dumler*, 221 Kan. 386, 389, 559 P.2d 798 (1977). Subsection (b) of K.S.A. 1983 Supp. 8-262 provides:

"*The division upon receiving a record of the conviction of any person under this section or any ordinance of any city or a law of another state which is in substantial conformity with this section,* upon a charge of driving a vehicle while the license of such person is suspended for a specifically designated period, *shall extend the period of such suspension* for an additional like period, and if the conviction is upon a charge of driving while a license is revoked the division shall not issue a new license for an additional period of six months from and after the date such person would otherwise have been entitled to apply for a new license." (Emphasis added.)

Subsection (b) formerly required an extended suspension only for persons convicted "under this section." K.S.A. 8-262. The amendment of subsection (b) in 1983 is an indication that the legislature intended to equate city ordinance convictions with convictions under 8-262, for purposes of extending the period of suspension.

Our review of the legislative history of the subsection (b) amendment verifies this interpretation. The Department of Revenue felt the amendment was needed because by its reading of 8-262 (b), city ordinance convictions were *not* included, and the amendment was necessary to include them along with convictions under 8-262 for purposes of license suspension. The Department's memorandum to the House Transportation Committee stated: "8-262(b) should be amended to include municipal ordinance convictions as well as records of convictions under 8-262. Absent the amendment, we can't technically add a like period of suspension to municipal court convictions." Attachment 2, Minutes of House Committee on Transportation, February 7, 1983.

Since K.S.A. 1983 Supp. 8-262 is a criminal statute, it must be strictly construed against the State. *City of Overland Park v. Rice*, 222 Kan. 693, 697, 567 P.2d 1382 (1977). See *State v. Rose*, 234 Kan. 1044, 1046, 677 P.2d 1011 (1984). Had the legislature wanted city ordinance convictions to count as convictions for sentence enhancement under 8-262(a), it could have so stated.

In *State v. Wood*, 231 Kan. 699, Syl. ¶ 5, 647 P.2d 1327 (1982), the court held that city convictions of driving while license was suspended and leaving the scene of an accident did not count as offenses under the Habitual Traffic Violators Act, K.S.A. 8-285. The statute listed eight traffic offenses to which the Act applied. Only the section on driving under the influence provided that city convictions would count as qualifying offenses. The other seven sections did not provide that similar city convictions would count. The court followed the common rule of statutory construction that "the mention or inclusion of one thing implies the exclusion of others." 231 Kan. at 701.

The same reasoning applies here. K.S.A. 1983 Supp. 8-262(b) expressly requires extended license suspension for city ordinance convictions, while subsection (a) does not expressly state that city convictions count as prior convictions for sentence enhancement. By the amendment of 8-262(b) to specifically include consideration of city ordinance convictions, we must infer the legislature intended to exclude the consideration of city ordinance convictions for sentence enhancement under 8-262(a).

As defendant had only one prior conviction within the meaning of the statute, we need not address the second issue raised by

the defendant: Whether convictions of a felony for a third violation of K.S.A. 1983 Supp. 8-262 requires proof of criminal intent.

Defendant's conviction is affirmed. The case is remanded for resentencing as a class A misdemeanor.