Louis A. Podrebarac Haskell County Attorney 300 Inman St. Sublette, Kansas 67877
Dear Mr. Podrebarac:
As the Haskell county attorney, you request our opinion concerning changing the length of terms of board members of the Sublette hospital district. Specifically, you inquire whether the terms of board members may be changed from four years to three years.
The Kansas statute which addresses the election of the board members in question is K.S.A. 80-2508. As we noted in Attorney General Opinion No. 88-39, "the method of selecting board members of existing hospital districts may be changed `in accordance with the provisions of this act,' K.S.A. 80-2502(a), and `in accordance with law,' K.S.A. 80-2507(a). Therefore, it is our opinion that the method of selection can be changed in accordance with K.S.A. 1987 Supp. 80-2508." We went on to state that at ". . . an annual meeting, the qualified electors of the existing hospital district may change the method of selecting board members to one of the methods listed in K.S.A. 1987 Supp. 80-2508."
You indicate the Sublette hospital district board members are currently elected to four year terms pursuant to K.S.A.80-2508(a)(4)(A). Further, you indicate the board would like to stagger its elections. The staggering would be accomplished by the board voting to follow the provisions of K.S.A.80-2508(a)(3)(A) and have the elections held every three years in 1996 "and then vote provision (4)(A) in 1997 thus staggering their elections." To determine whether this is permitted by statute we must look at the legislature's intent.
K.S.A. 80-2508(b) permits changing the method of selection of board members. It provides that:
 "If the method of selection of members of the board of any hospital is the method provided for in provision (1) or provision (2) of subsection (a), such method of selection may be changed to the method provided for in provision (3) or provision (4) of subsection (a) by majority vote of the qualified electors voting at an annual meeting thereof. . . . If the members of the board are currently selected pursuant to provision (3) of subsection (a), the method of selection may be changed to the method provided for in provision (4) of subsection (a) by a majority vote of the board members."
It is clear from the statute that selection of board members may be changed in only two instances. First, if the board members are either elected annually or appointed as provided for in K.S.A. 80-2508(a)(1) and (2), then the method of selection may be changed to election to three or four year terms as provided by K.S.A. 80-2508(a)(3)(A) and (4)(A). Id. at (b). Second, if the members are currently elected to three year terms under K.S.A.80-2508(a)(3), then their method of selection may be changed to four year terms under K.S.A. 80-2508(a)(4). Id. at (b).
The aforementioned are the only situations which the legislature has seen fit to allow changing the method of selecting board members. A common rule in statutory interpretation is that the mention or inclusion of one thing implies the exclusion of others.State v. Wood, 231 Kan. 699 (1982). The legislature's inclusion of these permissive changes excludes all other possible changes to the method of selection scenario. Therefore, Kansas law does not currently permit changing the method of selection of board members who are elected to four year terms, to change the method of selection to a three year term.
The intent of the legislature to limit the types of changes which may be made in the method of selection of board members is further evidenced by looking at the history of the act itself. It is proper to review historical background and changes made in a statute when determining legislative intent. Moore v. City ofLawrence, 232 Kan. 353 (1982).
In 1987 the Kansas legislature amended K.S.A. 80-2508 by adding an additional method of selection. This method, set forth at (a)(4)(A), permits the election of board members to four year terms. L. 1987, ch. 397, sec. 2. When this method of selection was added, the legislature also amended the provisions which set forth when the method of selection of board members may be changed. Id. The only provision which the legislature saw fit to include was that which permitted changing from electing board members for three year terms to election for four year terms. Id.
Based on the specific language of this statute and its legislative history, we opine that K.S.A. 80-2508(b) does not permit changing the selection of board members to three year terms from four year terms.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Lawrence J. Logback Assistant Attorney General
RTS:JLM:LJL:bas