No. 43,068

STATE OF KANSAS, *Appellee*, v. PERL CRAMER, *Appellant.*

(413 P. 2d 994)

Opinion filed May 7, 1966.

*James F. Foster,* of Wichita, argued the cause, and *Jerry Ann Foster,* of Wichita, was with him on the brief for the appellant.

*J. O. Ballinger,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: The defendant (appellant) on November 9, 1961, in the court below entered a plea of guilty to issuing a worthless check in violation of G. S. 1949, 21-554. On the same day he was sentenced to imprisonment in the Kansas State Penitentiary for a term of not less than fifteen years pursuant to sections 21-554, 21-107a and 21-109 of G. S. 1949. The defendant did not file a motion for new trial.

On February 15, 1962, defendant filed a notice of appeal *pro se* but took no further steps in prosecuting his appeal.

Early in 1965 the district court appointed an attorney for defendant pursuant to Prefatory Rule No. 1 (*f*), 194 Kan. xII. At that juncture defendant filed a motion to withdraw his plea. The motion was overruled by the district court for the reason that an appeal was pending. During the course of the hearing on defendant's motion to withdraw his plea, the county attorney and defendant's

counsel stipulated that at the time the check was given, both the defendant and recipient knew the check to be worthless.

The defendant's sole contention is that under the facts stipulated to by the county attorney the prosecution is abated by the enactment of what is now K. S. A. 21-555c which became effective July 1, 1963.

The state concedes that intent to defraud became a necessary element under the worthless check law under K. S. A. 21-555c. Such intent was not an element of the offense under G. S. 1949, 21-554, the statute under which defendant was prosecuted in 1961. (*State v. Avery,* 111 Kan. 588, 207 Pac. 838.)

Both parties refer to the enactment of K. S. A. 21-555c as an amendment to G. S. 1949, 21-554. An inspection of the Laws of 1963 reveals such not to be the case. K. S. A. 21-555c was enacted as section 5 of chapter 219 of the Laws of 1963. Section 7 of chapter 219 specifically repeals sections 21-554 and 21-556 of G. S. 1949.

Defendant does not deny that at the time of the prosecution G. S. 1949, 21-554 defined the offense charged in the information.

Defendant's counsel now argues before this court and in his brief that after trial and conviction and while an appeal was pending before this court, the legislature amended G. S. 1949, 21-554 and 21-555 by adding K. S. A. 21-555c which bars all prosecutions under the no-fund and insufficient fund check statutes when the payee has knowledge that the maker has no funds or insufficient funds on deposit in the bank to pay the check. Counsel uses this logic to question whether the continued prosecution of the defendant is lawful. In essence he claims that K. S. A. 21-555c is retroactive in operation and therefore grants defendant immunity from prosecution.

The new act does not specifically state that it is to have a retrospective effect, section 8 merely provides that it should take effect and be in force from and after its publication in the statute book. Neither does the new act contain a saving clause to sustain prosecutions commenced under the repealed statutes. However, we take judicial notice of G. S. 1949, 77-201 (now K. S. A. 77-201). The pertinent part reads:

"In the construction of the statutes of this state the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute:

*"First.* The repeal of a statute does not revive a statute previously repealed, nor does such repeal affect any right which accrued, any duty imposed, *any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed. . . ."* (Emphasis *supplied.*)

The first provision of the rules of construction statute (now K. S. A. 77-201) was enacted in 1868 (G. S. 1868, Ch. 104, § 1) and since that time has been construed as a saving statute, preserving all rights and remedies under a repealed statute when the repealing statute is silent as to whether such rights and remedies shall be abrogated or not. Its applicability to the instant case is clearly appropriate and the result resolves the issue herein adversely to defendant's claim.

In the early case of *State v. Boyle,* 10 Kan.* 113, this court considered the statute's application in a criminal case where the statute under which the prosecution was brought had been repealed while the criminal action was in progress. It was held:

"When a statute is repealed, and the repealing statute is silent as to whether the rights and remedies which have accrued under the repealed statute shall be abrogated or not, section 1 of the 'Act concerning the construction of statutes' (Gen. St. 998) will have the force and effect to have and preserve all such rights and remedies, whether they belong to the state or to individuals, and in criminal as well as in civil cases; and a criminal action pending under the repealed statute at the time it is repealed, may be prosecuted by virtue of said saving statute to final determination and judgment, notwithstanding said repeal. (Cited cases omitted.)" (Syl. ¶ 2.)

In the case of *State v. Brown,* 146 Kan. 525, 73 P. 2d 19, the act was applied in a situation closely analogous to that confronting us here. Defendant Brown had been tried and acquitted on a charge of statutory rape in 1933. Thereafter a new information was filed charging defendant Brown with the crime of rape on five specific dates, all within the two year period mentioned in the first information. The second information was filed February 1, 1934. In the legislative session of 1935, G. S. 1935, 62-1449, was enacted and became effective on February 20, 1935. The effect of the new act in the Brown case was to bar any subsequent prosecutions of the same person in another action for any act or acts for which the state could have asked for a conviction under the information in the former trial. On March 18, 1935, defendant Brown filed a plea in abatement on the ground that the newly enacted statute operated as a bar to further prosecution. The state's demurrer to Brown's plea in abatement was sustained. Thereafter a trial was had and

Brown was convicted on three of the five counts. In his appeal Brown presented the same argument that is now before this court. He contended that the enactment of the 1935 law granted him immunity from prosecution and it was retroactive in operation. In affirming Brown's conviction this court stated on page 528 of the opinion:

"It is clear that our statute G. S. 1935, 77-201, has always been construed as a saving statute as well as a guiding rule of construction. It becomes a part of every repealing statute that does not specifically state that it is to have a retrospective effect."

The statute under which this prosecution was had was not absolutely repealed by the enactment of K. S. A. 62-555c but was kept in force so far as it affected cases like the one at bar by the force of the saving statute, K. S. A. 77-201. This court has stated in a number of cases involving the issue that the legislature has the power to pass a general saving statute which should have the force and effect to save rights and remedies, except where the repealing statute itself clearly shows that it was not the intention of the legislature that such rights and remedies should be saved. (*State v. Brown,* supra; *State v. Boyle,* supra; *Gilleland v. Schuyler,* 9 Kan.* 569; *Willetts v. Jeffries,* 5 Kan.* 471.)

The force and effect of a general saving statute, such as the statute in this state, was not contemplated in cases cited by the defendant.

In view of what has been stated the district court did not err in overruling defendant's motion to withdraw his plea.

Finding no error in the record the judgment is affirmed.

FROMME, J.: Not participating.