No. 44,552

STATE OF KANSAS, *Appellant,* v. LONNIE AUGUSTINE, WILLIAM LEIKAM, and STANLEY L. PARKER, *Appellees.*

(416 P. 2d 281)

Opinion filed June 28, 1966.

*Jan G. Banker,* county attorney, argued the cause, and *Robert C. Londer-holm,* attorney general, and *Richard H. Seaton* assistant attorney general, were with him on the brief for the appellant.

*Richard M. Driscoll,* of Russell, argued the cause, and *Charles O. Boyle* and *Harold W. McCombs,* both of Russell, were with him on the brief for the appellees.

The opinion of the court was delivered by

O'CONNOR, J.: The provisions of chapter 278 of the Laws of 1965 (now appearing as K. S. A. 1965 Supp., 38-802, 806, 808, 815, 816, 826 and 836) enlarged the jurisdictional age limits of the juvenile court. The question presented by this appeal is whether or not the provisions apply retroactively to cases pending on January 1, 1966, the effective date of the act.

The constitutionality of chapter 278 has been challenged and, with the exception of certain provisions of section 6 thereof (now K. S. A. 1965 Supp. 38-826), has been sustained in *State, ex. rel., v. Owens,* 197 Kan. 212, 416 P. 2d 281.

The facts giving rise to this appeal are undisputed. The three appellees (hereinafter referred to as defendants) were charged in the county court of Russell county with several counts of second degree burglary and grand larceny in connection therewith alleged to have been committed on various dates during the early part of November 1965. On November 15 the defendants, with court-appointed counsel, waived preliminary hearing and were bound over to the district court. Separate informations were filed against the defendants on December 30. On January 3, 1966, after appointment of counsel, each defendant moved to dismiss the information filed against him and requested that his case be referred to the juvenile court. The cases were consolidated for the hearing of said motions, and it was stipulated by all parties that the defendants were "over the age of sixteen and under the age of eighteen" at the time the offenses were alleged to have been committed. The district court sustained the separate motions, dismissed the informations, and referred the defendants to the juvenile court for further proceedings. From this ruling the state (hereinafter referred to as plaintiff) has appealed.

In sustaining the defendants' separate motions, the district court obviously acted pursuant to section 4 of chapter 278 (now K. S. A. 1965 Supp. 38-815), the pertinent portion of which is as follows:

"(d) If during the pendency of any action, charge or complaint against a person involving a public offense . . . before a . . . judge of the district court . . . it shall be ascertained that such person was under the age of eighteen (18) years at the time of committing the alleged offense, it shall be the duty of such . . . judge to forthwith dismiss such action, charge or complaint, and refer same to the juvenile court. . . ."

It should be noted that under the law in existence at the time the offenses were alleged to have been committed, sixteen- and seventeen-year-old males were not within the exclusive jurisdiction of the juvenile court and thus were subject to prosecution as adults only, unless the provisions of chapter 278 were to have a retroactive application to cases pending on January 1, 1966.

Plaintiff contends that the age of the defendants at the time the offenses were allegedly committed is determinative of whether or not the offenses were acts of delinquency or of crime, and cites in support of its argument *State v. Dubray,* 121 Kan. 886, 250 Pac. 316. There a boy sixteen years of age was sentenced by the district court as an adult criminal for statutory rape committed prior to his sixteenth birthday. In holding that the district court was without

authority to impose sentence and that disposition of the case fell solely within the province of the juvenile court, this court stated:

". . . A violation of law, which if committed by an adult would be rape, is not a crime if committed by a boy under the age of sixteen years. It is an act of delinquency. *Whether an act constitute delinquency or crime is determined by the factor of age.* So determined, the character of the act is fixed, remains constant, and, if delinquency, does not enlarge to crime by lapse of time. The juvenile court has exclusive jurisdiction over delinquencies (*State v. Dunn,* 75 Kan. 799, 90 Pac. 231; *Swehla v. Malone,* 114 Kan. 712, 220 Pac. 299); and the juvenile court does not lose jurisdiction by delay in obtaining personal jurisdiction over the delinquent, whether the delay be occasioned by failure to discover the delinquency, neglect or inability promptly to institute delinquency proceedings, or deliberate postponement of delinquency proceedings with a view of invoking the criminal law." (Emphasis added.) (p. 895.)

Although the factual situation in *Dubray* is converse to that in the instant case, the decision lends merit to plaintiff's argument that if the status of a juvenile cannot be enlarged to that of an adult by mere lapse of time, by the same token neither can an adult revert to a juvenile status.

Defendants strenuously argue that chapter 278 merely constitutes a procedural or remedial change in the law, and, therefore, under the decisions of this court in such cases as *Jones v. Garrett,* 192 Kan. 109, 386 P. 2d 194, and *Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 152 P. 2d 860, 155 A. L. R. 546, the new law applies to all cases pending on January 1, 1966.

As related to criminal law and procedure, *substantive law* is that which declares what acts are crimes and prescribes the punishment therefor; whereas, *procedural law* is that which provides or regulates the steps by which one who violates a criminal statute is punished. (22 C. J. S., Criminal Law, § 1a; 40 Words and Phrases, Substantive Law, p. 859.)

The enactment of chapter 278 brought about a fundamental change in our law with respect to the jurisdictional age limits of juvenile males. The significance of the change can hardly be overlooked in determining whether or not such change was procedural or substantive in nature. In 1905 the first juvenile court act was adopted in this state (L. 1905, ch. 190) and since that time Kansas has consistently distinguished the juvenile offender from the adult criminal. (See *State v. Fountaine,* 196 Kan. 638, 414 P. 2d 75.) The distinction is clearly demonstrated in K. S. A. 38-801, a portion of which provides:

". . . In no case shall any order, judgment or decree of the juvenile court, in any proceedings under the provisions of this act, be deemed or held to import a criminal act on the part of any child; but all proceedings, orders, judgments and decrees shall be deemed to have been taken and done in the exercise of the parental power of the state. . . ."

Whether an offense committed by a male person sixteen or seventeen years of age constitutes a delinquent or a criminal act depends upon the jurisdictional limits of the juvenile court. A change in those limits results in an offense either losing or acquiring the element of criminality. Therefore, we have no difficulty concluding that the enlargement of juvenile court jurisdiction to include sixteen- and seventeen-year-old males constituted a change in substantive law. The cases cited by the defendants pertaining to procedural or remedial changes are clearly inapplicable.

An additional meritorious contention regarding K. S. A. 77-201 is asserted by the plaintiff and will be discussed briefly. The statute, which was in force at the time chapter 278 was enacted, has since been amended in matters not here material (see K. S. A. 1965 Supp. 77-201), and provides in part as follows:

"In the construction of the statutes of this state the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature or repugnant to the context of the statute:

"*First.* The repeal of a statute does not revive a statute previously repealed, *nor does such repeal affect any right which accrued, any duty imposed, any penalty incurred, nor any proceeding commenced, under or by virtue of the statute repealed.* . . ." (Emphasis added.)

The above statute was applied in the recent case of *State v. Cramer,* 196 Kan. 646, 413 P. 2d 994, wherein it was held that a criminal action pending under a statute at the time such statute is repealed may be prosecuted to final determination, notwithstanding the repeal. In numerous decisions of this court the statute has been construed as a saving statute which became a part of every repealing statute that did not specifically state it was to have a retroactive effect. (Also, see *State v. Brown,* 146 Kan. 525, 73 P. 2d 19.) Moreover, the general rule is that statutes will be construed to operate prospectively rather than retrospectively unless it clearly appears the legislature intended to the contrary. (*State v. Cramer,* supra; *Jones v. Garrett,* supra, and numerous cases cited therein.)

The character of the defendants' acts became fixed when committed. At that time the defendants were subject to prosecution as adults. Their status on or after January 1, 1966, remained unchanged and unaffected by the provisions of chapter 278. Under

the theory advanced by the defendants we are confronted with the anomaly that if prosecution had occurred in the district court prior to January 1, 1966, the defendants would have been proceeded against as adults, whereas, after that date, they could be proceeded against only as juveniles. In the absence of language stating the act is to apply to pending actions, it will not be construed to accomplish such a result. An examination of the act in its entirety fails to disclose language reasonably susceptible to a construction that retroactive application was intended.

For the reasons herein stated we hold that chapter 278 of the Laws of 1965 is inapplicable in actions pending on the effective date of the act where the alleged offense was committed prior to January 1, 1966, by a boy who was sixteen or seventeen years of age at the time.

The judgment of the district court is reversed with directions to reinstate the separate informations filed against the defendants.