(665 P.2d 1117)
No. 55,003

GENE ALLEN MITCHELL, *Petitioner/Appellant,* v. GARY RAYL, Director, Kansas State Penitentiary, *Respondent/Appellee.*

Opinion filed July 7, 1983.

*Lisa Nathanson,* of Legal Services for Prisoners, Inc., of Topeka, for appellant.

*James E. Flory,* deputy attorney general, and *Robert T. Stephan,* attorney general, for appellee.

Before SWINEHART, P.J., ABBOTT and PARKS, JJ.

ABBOTT, J.: The issue in this case is whether K.S.A. 1982 Supp. 22-3717(*a*), which allows good time credits to inmates serving mandatory minimum terms for certain offenses involving the use of a firearm pursuant to K.S.A. 21-4618, is to be applied retroactively or prospectively.

The appellant, Gene Allen Mitchell, was sentenced to a term of seven and one-half years to life and is presently incarcerated at the Kansas State Penitentiary. When he was sentenced, K.S.A. 1976 Supp. 22-3717(8) provided that any person sentenced under 21-4618 "shall not be eligible for parole therefrom prior to serving the entire minimum sentence imposed." The latest amendment to 22-3717 was effective July 1, 1982, and the statute now provides in pertinent part:

"(*a*) . . . an inmate, including an inmate sentenced pursuant to K.S.A. 21-4618, shall be eligible for parole after serving the entire minimum sentence imposed by the court, *less good time credits.*

. . . . .

"(*k*) An inmate shall be eligible for parole on the date provided by statute at the time the inmate committed the crime for which imprisoned *unless* subsequent amendment of *the statute* provides an earlier parole eligibility date." (Emphasis supplied.)

All parties agree that Mitchell is entitled to good time credits from the effective date of the amendment. Mitchell argues that as a result of the amendment, he is entitled to good time credits from January 2, 1977 (the effective date of his sentencing), and

thus he is now eligible for parole. The State contends the amendment applies prospectively from its effective date and that Mitchell's parole eligibility date is in June of 1984. The trial court agreed with the State and this appeal followed.

Mitchell contends that the legislature intended by the above amendment that all inmates serving sentences pursuant to. 21-4618 receive good time credits from the effective date of sentencing, not merely from the effective date of the amendment. Mitchell offers as proof of legislative intent a newspaper article appearing in the June 25, 1982, *Wichita Eagle-Beacon* quoting a legislator that it was *never* the legislature's intent that inmates sentenced under 21-4618 be denied good time credits, that the amendment in question was "a technical correction" to allow good time credits to those already incarcerated under the old law, which did not allow good time credits. Mitchell also argues that a rule of statutory construction is that criminal and penal statutes should be strictly construed against the State and in favor of an inmate. *E.g., State v. Kearns,* 229 Kan. 207, 623 P.2d 507 (1981).

The applicable rules of statutory construction are well defined. See, *e.g., State v. Hutchison,* 228 Kan. 279, 287, 615 P.2d 138 (1980), where the Kansas Supreme Court said:

"Regarding the retroactive argument, the general rule of statutory construction is that a statute will operate prospectively unless its language clearly indicates that the legislature intended that it operate retrospectively. *Nitchals v. Williams,* 225 Kan. 285, 590 P.2d 582 (1979). The foregoing rule of statutory construction is modified where the statutory change is merely procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties. *Nitchals v. Williams,* 225 Kan. 285. As related to criminal law and procedure, *substantive law* is that which declares what acts are crimes and prescribes the punishment therefor; whereas *procedural law* is that which provides or regulates the steps by which one who violates a criminal statute is punished. *State v. Augustine,* 197 Kan. 207, Syl. ¶ 1, 416 P.2d 281 (1966).

"Changes in the length of sentences for criminal acts have been given prospective application only."

In *Hutchison,* the Supreme Court refused to retroactively apply an amendment to K.S.A. 21-4618. The net result was that an inmate, sentenced under 21-4618 for a crime committed when he was 16 years of age, was required to serve the minimum sentence (10 years) before becoming parole eligible, even though an amendment to 21-4618 that made the statute inapplicable to

those under 18 years of age became effective less than two months after his sentencing.

We are satisfied the amendment before us (K.S.A. 1982 Supp. 22-3717[a]) is substantive rather than procedural in nature in that it creates a right in and of itself where none existed before. *State v. Augustine,* 197 Kan. 207, 416 P.2d 281 (1966); *In re Estate of Brown,* 168 Kan. 612, 617, 215 P.2d 203 (1950). Thus, unless the language of K.S.A. 1982 Supp. 22-3717(a) "clearly" indicates that the legislature intended for it to operate retroactively, that part of the amendment granting good time credits to inmates sentenced under 21-4618 should be applied prospectively from its effective date.

Mitchell's argument that a penal statute should be strictly construed against the State is a correct statement of the law, but in our opinion it is not dispositive to the issue before us. Therefore, we need not determine whether a statute that provides for good time credits when good time credits had not previously been allowed is penal in nature, for the same result would be reached in any event. As stated in *State v. Davidson,* 2 Kan. App. 2d 463, 468, 581 P.2d 1190 (1978):

"Basically the rule of strict construction of penal statutes means that ordinary words are to be given their ordinary meaning and that the penal statute should not be read so as to add to it something that is not readily found therein or to read out of it what as a matter of ordinary English is in it. [Citation omitted.]"

We are unwilling to accept a newspaper article as conclusive proof of legislative intent. This court has previously rejected legislators' statements made years after the event to show legislative intent. *Hand v. State Farm Mut. Auto. Ins. Co.,* 2 Kan. App. 2d 253, 577 P.2d 1202, *rev. denied* 225 Kan. 844 (1978). In any event, the newspaper article is not inconsistent with the State's position that the legislature intended to extend good time credits to inmates from the effective date of the amendment only. Our review of the official legislative history leading to the 1982 amendment to K.S.A. 22-3717 leaves no question in our minds that the general legislative intent was to lengthen rather than shorten sentences. We find nothing in that legislative history expressing an intent that the amendment in question apply retroactively.

As we view the amendments we are unable to say, as was the trial judge, that the legislature clearly indicated an intent that the amendment allowing good time credits be applied retroactively.

The purpose of good time credits is to encourage inmates to behave and to make an effort to improve themselves while incarcerated. They are awarded on an earned basis (K.S.A. 1982 Supp. 22-3717[*l*]) as incentive "for participation in recommended self-help treatment programs, work assignments, and for satisfactory institutional behavior and other positive accomplishments." K.A.R. 1982 Supp. 45-2-1(*a*). An inmate may also forfeit good time credits if found guilty of institutional infractions. K.A.R. 1982 Supp. 45-2-1(*b*). If the legislature intended retroactive application of good time credits, then its intent could not have been to provide an incentive. Thus, we do not find a clear legislative intent expressed by the purpose for allowing good time credits. The purpose of allowing good time credits obviously is to reward inmates for their conduct in earning the credits—a future action.

Mitchell argues that the legislative intent is clearly set forth in K.S.A. 1982 Supp. 22-3717(*k*). As we understand the existing law in Kansas, if the legislature had not added "unless subsequent amendment of the statute provides an earlier parole eligibility date" in K.S.A. 1982 Supp. 22-3717(*k*), an inmate in Mitchell's position would not have been eligible to earn good time credits even *after* the effective date of the amendment. See also K.S.A. 1982 Supp. 22-3717(*a*), (*b*). Thus we are unable to say the legislature intended K.S.A. 1982 Supp. 22-3717(*k*) to express an intention that good time credits pursuant to K.S.A. 1982 Supp. 22-3717(*a*) be applied retroactively to the effective date of sentence.

Although the cases are not factually identical to this case, similar reasoning was used in denying retroactive application of the opportunity to earn good time credits in *Baker v. Baxley*, 348 So. 2d 468, 471 (Ala. 1977), and *In re Stinnette*, 94 Cal. App. 3d 800, 155 Cal. Rptr. 912 (1979).

Affirmed.