Barbara S. Tombs, Executive Director Kansas Sentencing Commission Jayhawk Tower 700 Jackson Street, Suite 501 Topeka, Kansas 66603-3731
Dear Ms. Tombs:
As executive director of the Kansas sentencing commission you ask whether 1996 senate bill no. 585, (SB 585) section (11)(d), amending K.S.A. 21-4705, should be applied retroactively or prospectively. That amendment provides:
 "Each grid block states the presumptive sentencing range for an offender whose crime of conviction and criminal history place such offender in that grid block. If an offense is classified in a grid block below the dispositional line, the presumptive disposition shall be nonimprisonment. If an offense is classified in a grid block above the dispositional line, the presumptive disposition shall be imprisonment. If an offense is classified in grid blocks 3-E, 3-F, 3-G, 3-H, 3-I, 4-E or 4-F, the court may impose an optional nonprison sentence upon making the following findings on the record:
 "(1) An appropriate treatment program exists which is likely to be more effective than the presumptive prison term in reducing the risk of offender recidivism; and
 "(2) the recommended treatment program is available and the offender can be admitted to such program within a reasonable period of time; or
 "(3) the nonprison sanction will serve community safety interests by promoting offender reformation.
 "Any decision made by the court regarding the imposition of an optional nonprison sentence if the offense is classified in grid blocks 3-E, 3-F, -3-G, 3-H, 3-I, 4-E or 4-F shall not be considered a departure and shall not be subject to appeal."
1996 SB 585 takes effect July 1, 1996.
The grid blocks specified in 1996 SB 585, section (d), are referred to as "border boxes."
You note that the language immediately preceding the drug grid in subsection (a) of K.S.A. 21-4705 provides:
 "For the purpose of sentencing, the following sentencing guidelines grid shall be applied in felony cases under the uniform controlled substance act for crimes committed on or after July 1, 1993: . . ." (Emphasis added).
The question you raise is whether the optional nonprison sentence provision of section 11(d) of 1996 SB 585 applies only in relation to sentencing for felony drug offenses committed after its effective date of July 1, 1996 (prospective effect), or whether the section applies to sentencing for felony drug offenses committed prior to its effective date of July 1, 1996 but after the sentencing guidelines effective date of July 1, 1993 (retroactive effect).
The issue presented is one of statutory construction. Statutory interpretation is a question of law. State v. Donlay, 253 Kan. 132, Syl. ¶ 1 (1993). Hence, we turn our attention to Kansas case law for guidance. In Rice v. State, 20 Kan. App. 2d 710 (1995), the Court addressed the issue of retroactive application of an amended statute to a defendant who committed an offense prior to the enactment date and was sentenced subsequent thereto. The court provided an analytical framework for addressing the issue at hand.
 "A statute applies prospectively unless its language clearly indicates that the legislature intended it to operate retroactively. State v. Sutherland, 248 Kan. 96, 106, 804 P.2d 970 (1991); In re Application of Noel for Discharge Hearing, 17 Kan. App. 2d 303, 315, 838 P.2d 336 (1992). The first question is what the legislative intent was regarding retroactive application of the statute. The legislature is presumed to act with full knowledge of relevant judicial decisions. See State v. Trudell, 243 Kan. 29, 34, 755 P.2d 511 (1988). Specifically, the legislature is aware of the judicial position regarding prospective application of a statute. The courts have noted examples of statutory language included to reflect retroactive application. See 248 Kan. at 106, 804 P.2d 970. No language within any statutory variation of [K.S.A. 21-4705] has indicated the statute should be applied retroactively.
 "An exception exists to the legislative intent requirement. A statute or statutory amendment that announces a procedural or remedial change and does not prejudicially affect the substantial rights of the parties applies retroactively. 248 Kan. at 106, 804 P.2d 970. The determinative question is whether the statute is substantive criminal law. A substantive law is one which makes an act criminal and prescribes the punishment for that act. State v. Hutchison, 228 Kan. 279, 287, 615 P.2d 138 (1980). A procedural law regulates or provides the steps by which an individual is punished for a criminal act. 228 Kan. at 287, 615 P.2d 138 (citing State v. Augustine, 197 Kan. 207, Syl. p 1, 416 P.2d 281
[1966])."
The 1992 Kansas legislature enacted the Kansas sentencing guidelines act (KSGA). At that time the legislature clearly indicated the KSGA's prospective effect by making it applicable only to "crimes committed on or after July 1, 1993." K.S.A. 21-4705. In relation to the 1996 amendment under discussion, the legislature has not given a clear expression of an intention that section (d) of HB 585 operate retroactively to July 1, 1993.
The KSGA provides presumptive sentencing guidelines for crimes based on severity of the crime and the criminal record of the defendant. Sentences under the KSGA are determined from a sentencing grid: along one axis are roman numerals representing the severity of the crime committed; along the other axis are letters representing the defendant's prior criminal history. The box where the points intersect contains a presumptive sentence of imprisonment or probation. Section 11(d) of SB 585 amends K.S.A. 21-4705 by replacing grid blocks previously containing presumptive sentences of imprisonment with border boxes signifying new optional nonprison sentences if the court finds that specified factors are satisfied. Clearly, section 11(d) of 1996 SB 585 alters the potential punishment for a drug related offense (albeit in a manner likely to benefit the offender) and is therefore, substantive in nature. State v.Chiles, 254 Kan. 888 (1994) (the prescription of a punishment for a criminal act is substantive, not procedural).
Because section 11(d) of 1996 SB 585 provides for a substantive rather than a procedural or remedial change, and in the absence of legislative intent that it operate retroactively, in our opinion it should be applied prospectively to felony drug offenses committed after July 1, 1996 and not retroactively to felony drug offenses committed on or after July 1, 1993 but before July 1, 1996 even if the sentencing occurs after July 1, 1996.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Camille Nohe Assistant Attorney General
CJS:JLM:CN:jm