(10 P.3d 789)

Nos. 83,126

83,686

STATE OF KANSAS, *Appellee*, v. BARRY A. CODY, *Appellant*.

—

Opinion filed September 15, 2000.

*Kathryn B. Wall*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before RULON, P.J., GERNON and MARQUARDT, JJ.

RULON, J.: Defendant Barry A. Cody entered a guilty plea to multiple drug-related crimes. The sentencing court imposed an upward departure sentence. Defendant appeals, claiming the upward departure sentence should be reversed because of constitutional and statutory infirmities. We affirm.

The facts of this case are not complicated and are as follows:

On March 12, 1999, defendant entered a plea of guilty to one count of possession of methamphetamine with intent to sell; three counts of possession of drug paraphernalia with intent to use to produce, process, or package a controlled substance; three counts of possession of methamphetamine; and one count of possession of marijuana without a tax stamp. The sentencing court imposed a controlling sentence of 72 months.

After sentencing, the court received notice from the Department of Corrections advising that defendant's sentence appeared to be in violation of the sentencing guidelines. A resentencing hearing was held, and the court imposed an upward departure sentence

of 64 months on its own motion. The court gave the following as its reasons for imposing a departure sentence:

"The police found in his home 2,604.75 grams of marijuana; that is a substantial amount of marijuana. According to the police affidavits, the defendant said he was selling it in order to raise Christmas money for his children; that may be a noble cause, but it's not a proper way to finance your children's Christmas;

"the second, the defendant created danger of harm or death to more than one person;

"three, his activities illustrate major drug activity;

"four, he was on probation for a drug offense at the time of some of these crimes that he committed;

"five, his criminal activity is a threat to society;

"six, his conduct exhibits that, in the future, he will be dangerous to the community; he was in possession of a large amount of illegal drugs or substantial quantities of controlled substance.

"I think the evidence shows that he was engaged in repeated criminal acts associated with the manufacture, production, cultivation or delivery of controlled substances; and I think that the safety of this state requires that I impose a sentence in excess of the base sentence in this case."

### APPRENDI v. NEW JERSEY

On June 26, 2000, the United States Supreme Court filed the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). In essence, the *Apprendi* court held:

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. . . . '[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.' " 147 L. Ed. 2d at 455 (quoting *Jones v. United States*, 526 U.S. 227, 252-53, 143 L. Ed. 2d 311, 119 S. Ct. 1215 [1999] [J. Stevens, concurring]).

Before us, defendant contends the *Apprendi* decision renders Kansas' upward departure procedure set out in K.S.A. 1999 Supp. 21-4717 unconstitutional. This is a question of law subject to unlimited review. *State v. Heironimus*, 262 Kan. 796, 802, 941 P.2d 1356 (1997). However, the merits of defendant's argument need not be addressed. The holding in *Apprendi* does not apply under the facts of this case because the primary facts upon which the upward departure was based were proven beyond a reasonable

doubt by defendant's admissions and pleas of guilty to the various charges.

This defendant entered pleas of guilty to three counts of drug paraphernalia with intent to use "to manufacture, compound, convert, produce, process, prepare, or pack a controlled substance," on three different dates; to three counts of possession of methamphetamine on three different dates; to one count of possession of methamphetamine with intent to sell; and to one count of possession of more than 28 grams of marijuana without a tax stamp. The dates of the admitted crimes spanned a 22-month period.

We firmly conclude that by entering guilty pleas defendant waived his right to a jury trial and admitted to the truth of the charges. Moreover, at the sentencing hearing, defendant admitted to possessing and selling marijuana, although he was not convicted of that crime. Defendant further admitted that he had recipes for manufacturing methamphetamine.

Unquestionably, defendant admitted to being engaged in repeated criminal acts associated with the manufacture, production, cultivation, or delivery of controlled substances. Defendant provided the sentencing court with sufficient information to prove beyond a reasonable doubt that he was engaged in major drug activity. Through his defense counsel, defendant admitted he committed at least some of his crimes while on probation for a drug-related offense. The facts which the sentencing court used in imposing an upward departure sentence were proven beyond a reasonable doubt by defendant's admissions and statements.

The *Apprendi* holding only applies to sentence enhancements based on facts not proven to a factfinder beyond a reasonable doubt. Because defendant admitted to all of the facts that provided the basis for the sentencing court's departure, *Apprendi* does not apply here.

## SUBSTANTIAL AND COMPELLING

Next, defendant claims his upward departure sentence was not based upon substantial and compelling reasons. We disagree.

Appellate review of a departure sentence is limited to whether the sentencing court's findings of fact and reasons justifying a de-

parture (1) are supported by evidence in the record, and (2) constitute substantial and compelling reasons for departure. K.S.A. 21-4721(d). As discussed elsewhere in this opinion, the sentencing court's findings of fact concerning defendant's drug activity are supported by defendant's admissions in the record. The court's other findings—that defendant created a danger of harm or death to more than one person, created a threat to society, and posed a future danger to society—while perhaps correct in an abstract sense, are not supported by sufficient concrete evidence in the record. See *State v. Bailey*, 263 Kan. 685, 701-02, 952 P.2d 1289 (1998).

A claim that the departure factors relied upon by the court are not substantial and compelling presents a question of law. *State v. Mitchell*, 262 Kan. 434, 446, 939 P.2d 879 (1997).

K.S.A. 21-4717 lists aggravating factors that may be considered in determining if substantial and compelling reasons exist for a departure sentence on drug crimes. One of these factors is that "[t]he crime was committed as part of a major organized drug manufacture, production, cultivation or delivery activity." K.S.A. 21-4717(a)(1). This record reflects such activity was the primary reason for the sentencing court's decision to upwardly depart. Defendant alleges this was error because the above statute requires two or more subfactors be present before a finding of major drug activity can be made. The above statute provides a list of subfactors which include:

"(D) The presence of manufacturing or distribution materials such as, but not limited to, drug recipes, precursor chemicals, laboratory equipment, lighting, irrigation systems, ventilation, power-generation, scales or packaging material.

. . . .

"(F) Possession of large amounts of illegal drugs or substantial quantities of controlled substances.

"(G) A showing that the offender has engaged in repeated criminal acts associated with the manufacture, production, cultivation or delivery of controlled substances."

Contrary to defendant's contention, the sentencing court's finding that his crimes were committed as part of an organized effort to manufacture and sell drugs was supported by at least three of

the sub-factors listed in K.S.A. 21-4717(a)(1) and was sufficient to comprise a substantial and compelling reason to impose an upward departure sentence.

Moreover, the factors listed in K.S.A. 21-4717 are not exclusive. Such are simply factors that "may be considered" in drug cases. K.S.A. 21-4717(a). Our Supreme Court has held that other appropriate aggravating factors, not spelled out by statute, may also be considered by a sentencing court. *State v. Gideon*, 257 Kan. 591, 624, 894 P.2d 850 (1995). Committing crimes while on parole has been recognized as one such factor amounting to a substantial and compelling reason to justify a departure. *State v. Mitchell*, 262 Kan. at 447. It is not illogical or unreasonable to extend *Mitchell's* rationale to include crimes committed while on probation. The sentencing court was not unreasonable in finding that defendant committed some of the crimes while on probation to be a substantial and compelling reason justifying an upward departure.

After thorough consideration of the entire record on appeal and the written briefs of the parties, we have determined that neither reversal nor modification is required under the law and evidence.

Affirmed.