(38 P.3d 742)
No. 82,378

STATE OF KANSAS, *Appellee,* v. KENNETH ALAN JARVIS,
Appellant.

Opinion filed January 18, 2002.

*Sandra Carr,* assistant appellate defender, *Steven R. Zinn,* deputy appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Lesley A. McFadden, Richard A. Olmstead,* and *Boyd Isherwood,* assistant district attorneys, *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, for appellee.

Before RULON, C.J., GERNON and MARQUARDT, JJ.

MARQUARDT, J.: Kenneth Alan Jarvis appeals the inclusion of his juvenile conviction in his criminal history score and the trial court's entry of an upward durational departure. We affirm Jarvis' conviction, vacate his sentence, and remand for resentencing.

Jarvis was charged with two counts of rape, one count of aggravated indecent liberties with a child, and one count of sexual exploitation of a child. The victim was L.A., Jarvis' stepdaughter, who was born on February 28, 1981.

Pursuant to a plea negotiation, Jarvis entered a nolo contendere plea to one count of aggravated indecent liberties with a child and one count of sexual exploitation of a child. The State agreed to dismiss the rape charges and recommend a concurrent sentence on the aggravated range of the appropriate grid box. Prior to sentencing, the trial court gave notice that it intended to impose an upward durational departure because of the victim's vulnerability and relationship with Jarvis.

The trial court determined that Jarvis' criminal history was G and the offense was a severity level 3, which had an aggravated range of 64 months' imprisonment under the sentencing grid. The trial court imposed an upward departure and sentenced Jarvis to 162 months' imprisonment. Jarvis timely appeals.

### *Departure Sentence*

Jarvis argues that the upward durational departure is unconstitutional. He relies upon *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S.Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001).

The State argues that neither *Apprendi* nor *Gould* apply. The State relies on *State v. Cody*, 27 Kan. App. 2d 1037, 1038, 10 P.3d 789 (2000), *rev'd* 272 Kan. 564, 35 P.3d 800 (2001). The State contends that Jarvis' sentence is constitutional under *Cody* because Jarvis waived his right to a jury trial and admitted the facts necessary for the trial court to impose the departure sentence.

Whether an upward durational departure sentence under K.S.A. 2000 Supp. 21-4716 is unconstitutional under *Apprendi* and *Gould* is a question of law subject to unlimited review. *Cody*, 27 Kan. App. 2d at 1038. In *Cody*, the defendant pled guilty to several drug charges, including the sale of illegal drugs. The trial court imposed an upward durational departure sentence because of the danger of harm or death to more than one person; his activities illustrated major drug activity; he was on probation for a drug offense at the

time some of these crimes were committed; and his criminal activity was a threat to society. This court held that the facts to support an upward departure sentence were proven beyond a reasonable doubt by Cody's admissions; therefore, *Apprendi* did not apply. 27 Kan. App. 2d at 1039.

In *Cody*, the Kansas Supreme Court overturned the Court of Appeals and held that an upward durational departure sentence is unconstitutional on its face. The court held: "[T]he fact that [Cody] admitted each of the elements of the offenses is in no way an admission that the sentencing factors used to increase his sentence were proved beyond a reasonable doubt." 272 Kan. at 565.

Here, Jarvis pled nolo contendere and waived his right to a jury trial. At his plea hearing, Jarvis was not asked to either state the facts supporting the crime or to agree with the State's recitation of the facts supporting his plea. However, in his motion for a departure sentence which was filed prior to sentencing, Jarvis attached a handwritten letter to the trial court in which he essentially admitted L.A.'s statement of the facts.

Jarvis also attached a copy of a letter from Irvin Penner, a licensed specialist clinical social worker who interviewed Jarvis. At sentencing, Penner testified that Jarvis admitted he fondled L.A. when she was 8 years old and started to have sex with her when she was 10 years old. Jarvis also admitted that he fathered L.A.'s child when she was 15 years old and continued to have sex with her after the baby was born.

Under *Gould*, the Kansas Supreme Court held that upward durational departures are unconstitutional under *Apprendi*. Now, under the *Cody* decision, we are compelled to rule that the trial court erred in imposing an upward departure sentence for Jarvis.

### *Criminal History*

Jarvis complains that his 1962 conviction for larceny should not have been included in his criminal history score because the crime was committed when he was 16 years old. On appeal, Jarvis argues that this conviction violates his equal protection rights.

Jarvis stated at sentencing that he was under the age of 18 at the time of the offense but did not allege that the inclusion of the

conviction violated his equal protection rights. Jarvis stated that his criminal history category would be H instead of G if his 1962 conviction were excluded from his criminal history.

Normally, constitutional grounds asserted for the first time on appeal are not properly before the appellate court for review. *State v. Conley*, 270 Kan. 18, 30, 11 P.3d 1147 (2000), *cert. denied* 532 U.S. 932 (2001). There are three recognized exceptions to the rule: (1) The newly asserted theory concerns only a question of law based on proved or admitted facts and is determinative of the case; (2) consideration of the theory will serve the ends of justice or prevent the denial of fundamental rights; and (3) the judgment of a trial court is right for the wrong reason. 270 Kan. at 30-31.

G.S. 1961, 38-802(b) defined a "delinquent child" as a male less than 16 years old or a female less than 18 years old. A child is "delinquent" if he or she commits an act which, if committed by a male 16 years of age or older, or by a female 18 years of age or older, would constitute a felony offense. G.S. 1961, 38-802(b)(1). The statute was amended in 1965 and defined a "delinquent child" as a child less than 18 years of age who commits an act which, if committed by a person 18 years of age or older, would constitute a felony offense. L. 1965, ch. 278, sec. 1(b)(1).

Jarvis' criminal history included the 1962 conviction, which was an adult nonperson felony, and six misdemeanors. Juvenile adjudications decay under K.S.A. 21-4710(d)(4) if the current conviction was committed after the offender was 25 years old. Adult convictions do not decay. See K.S.A. 21-4710(d)(3).

Jarvis states that an Oklahoma case, *Lamb v. Brown*, 456 F.2d 18 (10th Cir. 1972), supports his position. Like Kansas' statute, the Oklahoma statute made the same age distinction between males and females for jurisdiction of the juvenile court. The Oklahoma court found that the State did not demonstrate a legitimate purpose for the disparity of age classification between males and females and held that the statute violated the Equal Protection Clause of the United States Constitution. The Tenth Circuit held that the ruling was not to be applied retroactively. 456 F.2d at 20.

Later, the Tenth Circuit cited *Lamb* in *Radcliff v. Anderson*, 509 F.2d 1093, 1094 (10th Cir. 1974), *cert. denied* 421 U.S. 939 (1975), and held that the *Lamb* decision was to be applied retroactively. In *Bromley v. Crisp*, 561 F.2d 1351 (10th Cir. 1977), *cert. denied* 435 U.S. 908 (1978), the Tenth Circuit considered the procedure to determine the proper relief when a conviction was challenged under *Lamb*. It determined that a conviction need not be set aside if the State establishes through an evidentiary hearing that the juvenile court would have certified the petitioner for treatment as an adult. 561 F.2d at 1356-57. This procedure was adopted by Oklahoma in *Edwards v. State*, 591 P.2d 313, 319 (Okla. Crim. 1979).

In *Kelley v. Kaiser*, 992 F.2d 1509, 1516 (10th Cir. 1993), the Tenth Circuit held that because the petitioner was denied an evidentiary hearing after applying the *Edwards* requirement, the State's factfinding procedure was not adequate to afford a full and fair hearing on the certification issue. The court remanded the case to the trial court for an evidentiary hearing.

Although the issue was raised on appeal in *In re Patterson, Payne & Dyer*, 210 Kan. 245, 252, 499 P.2d 1131 (1972), the Kansas Supreme Court did not decide the issue because it had not been raised before the trial court. Kansas has not dealt with the issue of retroactive application of the statute, nor has it adopted the Oklahoma procedure.

Here, the State contends that Jarvis is not entitled to retroactive relief because the statute is substantive rather than procedural. It cites three cases, *State v. Grimmett & Smith*, 208 Kan. 324, 491 P.2d 549 (1971), *State v. Coutcher*, 198 Kan. 282, 424 P.2d 865 (1967), and *State v. Augustine*, 197 Kan. 207, 416 P.2d 281 (1966).

*Coutcher* and *Augustine* involved direct criminal appeals, one by the defendant and the other by the State, where the new statute enlarging the jurisdictional age limit to 18 years for males became effective during the pendency of the criminal proceeding of the male defendant. The defendants argued that the new statute should be applied and their cases transferred to juvenile court. In *Coutcher*, the trial court declined, but in *Augustine*, the trial court agreed. The appellate court rejected their arguments because it

found that the new statute was a substantive change and, thus, applied prospectively. 198 Kan. at 289; 197 Kan. at 211. In those cases, the defendants were not claiming that their convictions or sentences were unconstitutional. The facts of *Grimmett & Smith* are similar in that the defendants challenged their enhanced sentences on a new offense because it was based upon prior convictions that occurred when they were 16 years old. Their sentences were affirmed.

Jarvis argues that his 1962 conviction was unconstitutional. He relies upon *State v. Delacruz*, 258 Kan. 129, 899 P.2d 1042 (1995), for support that his prior conviction cannot be used in a subsequent sentencing. In *Delacruz*, the Supreme Court agreed with the defendant that his uncounseled misdemeanor conviction could not be used to determine his criminal history under the Kansas Sentencing Guidelines Act because he served jail time. 258 Kan. at 136. However, *Delacruz* is distinguishable from the instant case because none of Delacruz' disputed convictions took place while he was a minor.

We do not agree that Jarvis' 1962 conviction was unconstitutional at the time it was rendered. Jarvis is not requesting that his 1962 conviction be vacated; his request is only that it not be used to calculate his criminal history. Jarvis claims that because the law was changed, the new law should be made retroactive.

When the law was changed, the legislature did not make it retroactive. The analysis in *Augustine* states:

"Whether an offense committed by a male person sixteen or seventeen years of age constitutes a delinquent or a criminal act depends upon the jurisdictional limits of the juvenile court. A change in those limits results in an offense either losing or acquiring the element of criminality. Therefore, we have no difficulty concluding that the enlargement of juvenile court jurisdiction to include sixteen- and seventeen-year-old males constituted a change in substantive law." 197 Kan. at 210.

We hold that the change in the jurisdiction of the juvenile court in 1965 is not retroactive. The trial court did not err in including Jarvis' 1962 conviction in his criminal history score.

Jarvis' conviction is affirmed and his sentence is vacated. The case is remanded for resentencing.