MODIFIED

NOT DESIGNATED FOR PUBLICATION

No. 115,267

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDWARD J. PARKER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Original opinion filed March 10, 2017; modified opinion filed April 12, 2017. Affirmed.


*Joanna Labastida* and *Sam Schirer*, of Kansas Appellate Defender Office, for appellant.


*John Grobmyer*, legal intern, *Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., GREEN, J., and BURGESS, S.J.


*Per Curiam*:  In this appeal of the court's denial of his K.S.A. 60-1507 motion, Edward Parker contends that he is serving an illegal sentence because the court used two juvenile adjudications to increase his criminal history score. Parker claims that amendments made in 2016 are retroactive and his juvenile adjudications have decayed and cannot be used in deciding his criminal history score. He asks us to vacate his sentence and remand for resentencing.

1

Because there is no clear expression of retroactive application of these amendments, we hold that Parker's appeal should be denied.

*How this case comes to us.*

Parker filed a K.S.A. 60-1507 motion contending that his trial counsel was ineffective for failing to challenge the use of his juvenile adjudications in his criminal history. The district court summarily denied the motion because the sentencing court properly counted two of Parker's juvenile adjudications as person felonies according to K.S.A. 2015 Supp. 21-6810(d)(3)(B). That version of the statute stated that juvenile adjudications for an offense which would constitute a person felony if committed by an adult do not decay. Parker appealed.

For the first time on appeal, Parker contends that his sentence is illegal under K.S.A. 2016 Supp. 21-6810(d)(3)(B). That version of the statute states that juvenile adjudications for an offense which would constitute a nondrug severity level 1 through 4 person felony if committed by an adult do not decay. He argues that since his juvenile adjudications do not fall within that category, they can now decay. The State contends the statutory amendment does not apply retroactively.

In January 2015, Parker pled no contest to second-degree attempted murder occurring on May 26, 2014, a severity level 3 person felony. At his plea hearing, Parker acknowledged that he understood the sentencing range for this crime was between 55 and 247 months' incarceration, depending on his criminal history score. Parker expressed satisfaction with his appointed counsel's representation.

Parker's presentence investigation report listed his criminal history score as B. The score was calculated based on two prior juvenile adjudications that were scored as person felonies: criminal threat and unlawful voluntary sexual relations. Parker had several other

juvenile adjudications that were listed as decayed. At sentencing, the court asked Parker if he had any objection to the accuracy of his criminal history, and Parker responded "No, Your Honor. It looks correct." The court also asked Parker if he wanted to make any comment in mitigation before his sentence was announced, and Parker declined. The court sentenced Parker to 216 months' imprisonment, with a 36-month postrelease supervision term. Parker did not appeal.

On September 1, 2015, Parker filed a pro se K.S.A. 60-1507 motion. He alleged that his trial counsel was ineffective for failing to: "check on" his criminal history; investigate a prior juvenile adjudication that was used for criminal history purposes; and object to the use of the juvenile adjudication. Parker complained that two juvenile adjudications should have decayed because he was 25 years old when he committed his current crime of conviction. Parker also stated that his counsel was ineffective "in that he didn't discuss the prior History of his client's criminal history." Parker filed a motion for appointment of counsel. He asked for a hearing to determine his revised sentence with the person felonies removed from his criminal history.

In October 2015, the court summarily dismissed the motion without a hearing. The court found that although Parker claimed ineffective assistance of counsel, the gravamen of Parker's motion was that his juvenile record was used in calculating his criminal history score. The court found that:

> "Petitioner had two person felonies as a juvenile which do not decay and are required by statute to be included in criminal history calculations. K.S.A. [2015 Supp.] 21-6810(d)(3)(B) provides that there will be no decay factor applicable for 'a juvenile adjudication for an offense which would constitute a person felony if committed by an adult.' Petitioner had juvenile adjudications for criminal threat and unlawful voluntary sexual relations, both of which are person felonies if committed by an adult. Kansas law is clear that these juvenile adjudications count in criminal history."

3

Parker appealed the court's "finding that the Petitioner's juvenile adjudication had not reached the age of 25 years, thereby allowing for a criminal history score higher than allowed by law."

Parker's ineffective assistance of counsel claim on appeal arises entirely from the single statement in his K.S.A. 60-1507 motion that his counsel was ineffective "in that he didn't discuss the prior History of his client's criminal history." The argument on appeal, that Parker might not have accepted the plea agreement if properly advised, stretches that statement in his K.S.A. 60-1507 motion beyond reasonable interpretation. In his motion, Parker did not assert that his attorney's ineffectiveness persuaded him to accept a plea agreement where he otherwise would not. Rather, Parker asked for a hearing to determine a revised sentence without the juvenile adjudications in his criminal history. Parker did not set forth an evidentiary basis to support an ineffectiveness assistance of counsel claim. The district court did not err by failing to make findings of fact and conclusions of law for an argument not raised in Parker's K.S.A. 60-1507 motion.

Obviously, Parker's K.S.A. 60-1507 motion was based entirely on a belief that his criminal history score was incorrect. He claimed that his attorney was ineffective for failing to investigate and object to his criminal history score. But no ineffective assistance of counsel claim could have succeeded because the criminal history score was correct under the then-effective statute. Parker admits as much in his supplemental brief. Therefore, the district court did not err by summarily dismissing Parker's K.S.A. 60-1507 motion because the motion, files, and case records conclusively showed that Parker was entitled to no relief.

*Is Parker's sentence now illegal?*

On October 22, 2015, Parker filed a pro se motion to correct an illegal sentence, again arguing that his juvenile adjudications should have decayed. The court denied that

4

motion as well. The parties agree that Parker's sentence was legal prior to the 2016 amendments to K.S.A. 21-6810(d)(3)(B). They disagree on whether the 2016 amendments apply retroactively to Parker. Parker argues they do, the State argues they do not.

*We examine K.S.A. 21-6810 then and now.*

The date of Parker's offense was May 26, 2014. K.S.A. 2013 Supp. 21-6810(d)(3)(B) provided: "There will be no decay factor applicable for: . . . a juvenile adjudication for an offense which would constitute a person felony if committed by an adult." At the time of his crime then, his juvenile adjudications would not decay.

Then, beginning in July 2016, K.S.A. 21-6810(d)(3)(B) was amended to read: "There will be no decay factor applicable for: . . . a juvenile adjudication for an offense which would constitute a *nondrug severity level 1 through 4* person felony if committed by an adult." H.B. 2463; L. 2016, ch. 97, § 1 (effective July 1, 2016). Along with this change, K.S.A. 21-6810(d)(4)(B) was amended to read:

> "Except as otherwise provided, a juvenile adjudication will decay if the current crime of conviction is committed after the offender reaches the age of 25, and the juvenile adjudication is for an offense: . . . committed on or after July 1, 1993, which would be a nondrug severity level 5 through 10 . . . if committed by an adult." H.B. 2463; L. 2016, ch. 97, § 1 (effective July 1, 2016).

"Decay factor" means that the offense is not considered in determining the offender's criminal history score. K.S.A. 2016 Supp. 21-6803(e); *State v. Smith*, 49 Kan. App. 2d 88, 90, 304 P.3d 359 (2013).

Parker's criminal history score was calculated based on two prior juvenile adjudications that were scored as person felonies: a 2005 adjudication for criminal threat

5

and a 2006 adjudication for unlawful voluntary sexual relations. Criminal threat is a severity level 9 person felony if committed by an adult. K.S.A. 2016 Supp. 21-5415(c)(1). Unlawful voluntary sexual relations is at most a severity level 8 person felony if committed by an adult. K.S.A. 2016 Supp. 21-5507(b)(1). Parker was 25 years old at the time of his current offense. Therefore, under the 2016 amendments, Parker's juvenile adjudications would decay.

*An illegal sentence may be corrected at any time.*

An "illegal sentence," as contemplated by K.S.A. 22-3504(1), is a sentence imposed by a court without jurisdiction; a sentence that does not conform to the statutory provision, either in the character or the term of authorized punishment; or a sentence that is ambiguous with respect to the time and manner in which it is to be served. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). When a prior conviction has been misclassified, the resulting sentence is illegal. *State v. Dickey*, 305 Kan. 217, 220, 380 P.3d 230 (2016). A court may correct an illegal sentence "at any time." K.S.A. 22-3504(1). A defendant may challenge an illegal sentence even for the first time on appeal. *State v. Fisher*, 304 Kan. 242, 263-64, 373 P.3d 781 (2016). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which an appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

The State contends that the present appeal is the wrong procedural vehicle for raising this issue because Parker had submitted his initial brief before the effective date of the statutory amendments. While it is true that Parker did not raise this issue in his initial brief, we did permit him to submit a supplemental brief and allowed the State time to respond. Thus, both parties have had the opportunity to brief this issue.

6

We address this issue because K.S.A. 22-3504(1) is clear. An illegal sentence question can be raised at any time. The policy behind the law is clear as well. People serving sentences deserve answers to questions about the legality of their sentences.

*We examine the 2016 amendments.*

It is fundamental that criminal statutes and penalties in effect at the time of a criminal offense are controlling. *State v. Denney*, 278 Kan. 643, 646, 101 P.3d 1257 (2004). "The legislature has the exclusive role of providing for the punishment of convicted criminals. [Citation omitted.] It follows that the legislature has the power to enact legislation reducing the punishment of convicted criminals or granting leniency to them." *Chiles v. State*, 254 Kan. 888, 897, 869 P.2d 707 (1994).

Generally, a statute operates prospectively unless (1) the statutory language clearly indicates the legislature intended the statute to operate retroactively; or (2) the change is procedural or remedial in nature and does not prejudicially affect the substantive rights of the parties. See *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 (2016). Substantive laws define criminal acts and prescribe punishments. Procedural laws provide or regulate the steps by which a defendant is tried and punished. *Tonge v. Werholtz*, 279 Kan. 481, 487, 109 P.3d 1140 (2005); *State v. Stegman*, 41 Kan. App. 2d 568, 572, 203 P.3d 52 (2009).

Penalty provisions for a criminal offense are substantive, not procedural law. *State v. Martin*, 270 Kan. 603, 608, 17 P.3d 344 (2001). The 2016 amendments to K.S.A. 21-6810 are substantive in nature because if applied, they would change the length of Parker's sentence. In *State v. Freeman*, 249 Kan. 768, 770-72, 822 P.2d 68 (1991), the Kansas Supreme Court held that a statute allowing the State a 30-day "grace period" to file a motion to revoke probation was substantive because, if applied, it would have changed the length of the defendant's punishment. In contrast, this court in *State v.*

7

*Hayden*, 52 Kan. App. 2d 202, 207-210, 364 P.3d 962 (2015), held that statutory amendments permitting a sentencing court to impanel a jury to determine aggravating sentencing factors were procedural in nature because they would not change the length of the defendant's sentence.

Here, the 2016 amendments to K.S.A. 21-6810, if applied, would reduce the length of Parker's sentence. Under the 2016 amendments to the statute, Parker's two juvenile adjudications that were scored as person felonies under prior versions of the statute would decay and not count towards his criminal history. See *State v. Jarvis*, 30 Kan. App. 2d 64, 69, 38 P.3d 742 (2002) (holding that a change in juvenile court jurisdiction that would preclude consideration of a defendant's prior conviction for purposes of calculating his criminal history score was a substantive change).

Therefore, our question boils down to whether the legislature clearly intended its amendment to operate retroactively. We think not.

*We are persuaded by the arguments against retroactivity.*

First, the State contends that by its express language, the retroactivity clause only applies to those sections of the statute that are "procedural in nature." The legislature can expressly provide any statutory change is retroactive, constrained only by the constitutions of the United States and Kansas. *Chiles*, 254 Kan. at 897. If the legislature expressly provides for an amendment to be retroactively applied, the procedural-versus-substantive analysis used to determine legislative intent is unnecessary. *State v. Todd*, 299 Kan. 263, 275, 323 P.3d 829, *cert. denied* 135 S. Ct. 460 (2014). While the legislature cannot make a sentencing statute retroactive in violation of the Ex Post Facto Clause of the United States Constitution, the legislature may make retroactive changes that reduce punishment of defendants. See *Chiles*, 254 Kan. at 897.

8

If the legislature intended the decay provisions to operate retroactively, then it would have used more specific language. It did not do so and it is not clear that such a broad policy change was intended. The State complains that if the 2016 amendments to K.S.A. 21-6810 are applied retroactively, "untold numbers of offenders" will be entitled to a recalculation of their criminal history score. Indeed, if we applied the 2016 amendments retroactively, it would entitle anyone serving a sentence based on a criminal history score that included certain juvenile adjudications to be resentenced.

We note that the legislature in the past has made some sentencing statutes retroactive by use of express language. The limited retroactivity language in K.S.A. 21-4723 (Furse 1995) and K.S.A. 21-4724(b) (Furse 1995) provided for conversion of pre-Sentencing Guidelines Act sentences to Guideline sentences in express and limited situations. Only sentences for nondrug crimes that would have been classified as severity level 5 or 6, and for drug crimes that would have been classified as severity level 3 if the person had been sentenced under the Act, were eligible for conversion. The Department of Corrections was directed to prepare a sentencing guidelines report on imprisoned inmates with pre-July 1, 1993, sentences, except those with convictions for nondrug severity level 1-4 felonies and drug severity level 1-3 felonies, but including those in grid blocks 3-H or 3-I of the drug grid. See *State v. Jeffries*, 304 Kan. 748, 752-53, 375 P.3d 316 (2016). The statute provided a specific timetable and procedure for sentence conversion. See *State v. Roseborough*, 263 Kan. 378, 384, 951 P.2d 532 (1997).

The legislature knew that enactment of determinative sentences, replacing indeterminate sentences, was a massive undertaking affecting virtually all prisoners. Thus, it created a mechanism to undertake the task. There is no such provision under these 2016 amendments. We are convinced by the lack of any clear expression that the 2016 amendments are retroactive that the district court's view was correct.

We find no error in the criminal history score used by the sentencing court and affirm the dismissal of Parker's motion.